UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:10-CR-02-KKC-02

UNITED STATES OF AMERICA,                                                PLAINTIFF,

V.                     **RECOMMENDED DISPOSITION**

JAMES M. PERRY,                                                       DEFENDANT.

The current matter involves supervision conditions that were violated on two separate occasions, as chronicled in two separate reports. First, the defendant, James M. Perry, appeared before the undersigned on January 10, 2020, for a final revocation hearing on charges that he violated supervision as alleged in a report dated December 6, 2019. He stipulated to failing to successfully complete a program of drug/alcohol abuse treatment at WestCare, located in Pike County, Kentucky. Following that proceeding, the undersigned recommended that Perry's supervision be revoked and he be sentenced to a period of 9 months incarceration with 6 months of supervision to follow. The undersigned released Perry on supervision while the recommendation was pending before the district judge. However, while awaiting the ruling, additional charges of violating supervision were brought against Perry, in a report dated February 20, 2020. Perry appeared before the Court for a second final revocation hearing on March 18, 2020, when he stipulated to violations stemming from his unlawful use and possession of marijuana and suboxone.

Relative to both final hearings, Perry was present for the proceedings and represented by counsel. At both hearings, he was found to be competent to proceed and after being placed under oath, waived his rights to remain silent and rights to a full revocation hearing. In addition, after

1

being informed of the charges and possible penalties, he provided a factual basis and entered pleas of guilty to all violations. His waivers were determined to be knowing, intelligent and voluntary. Therefore, the undersigned recommends that James M. Perry be found guilty of all alleged violations. Further, the undersigned recommends that Perry's supervision be revoked, that he be sentenced to 18 months of incarceration with 6 months of supervision to follow.

## **FACTUAL BACKGROUND**

On August 10, 2010, Perry was sentenced to 90 months of imprisonment to be followed by 5 years of supervised released after entering a plea of guilty to the charge of Aiding and Abetting the Manufacture of Methamphetamine, in violation of 18 U.S.C. §§ 2 and 841(a)(1). After release to his first term of supervision, he appeared before Judge Karen Caldwell on November 8, 2018 upon charges of having used and possessed methamphetamine, in violation of the terms of supervision. His supervision was revoked, and he was sentenced to six months of incarceration with twelve months of supervision to follow. [R. 230]. He was released to his second and current term of supervision on June 6, 2019. As a special condition of his current term of supervision, Perry was ordered to attend and complete a six-month inpatient drug/alcohol abuse treatment facility. While attending treatment, he tested positive for suboxone, but was allowed to remain on supervised release with the condition that he successfully complete inpatient treatment at WestCare. In addition, he was subject to conditions requiring that he refrain from the unlawful use or possession of controlled substances, and that he not violate any other law.

As chronicled in the report of December 16, 2019 Perry failed to successfully complete the drug treatment program at WestCare. As admitted by Perry and chronicled in the violation report:

> Perry began inpatient drug/alcohol abuse treatment at WestCare located in Pike County, Kentucky on June 10, 2019. This officer reminded Perry throughout his time at WestCare that he is required to complete the six-month treatment program. This officer was recently advised by WestCare staff that Perry was behind on his

2

progress, but still had time to work through the phases of the program and successfully complete on December 8, 2019. Perry informed this officer that he thought he would satisfy his special condition as long as he remained at the facility. Perry stated he did not know that he needed to work through the phases to finish the program in order to successfully complete. This officer recently received a letter from WestCare advising that Perry did not successfully complete their drug/alcohol abuse program and will be discharged on December 6, 2019.

[December 6, 2019 Violation Report, p. 2].

In the report, the officer further related that while in treatment, Perry "has been glorifying the criminal lifestyle . . . ". [*Id*.].

As a result, Perry was charged with and admits to violating the following condition of supervision:

Violation No. 1: (Report of December 16, 2019)

Special Condition: The first six (6) months of supervised release must be served at an inpatient drug/alcohol abuse treatment facility. Defendant must comply with all rules of the facility and successfully complete the program for and during that six-month term.

Then, he stipulated to additional charges contained in the second report of February 20, 2020, based upon his unlawful use and possession of marijuana and suboxone. These additional charges are set out in as follows:

Violation #1: (Report of February 20, 2020)

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Violation #2: (Report of February 20, 2020)

Mandatory Condition No. 1: You must not commit another federal, state or local crime.

Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.

3

Because use of a controlled substance constituted conduct that would result in a Class E Felony under 21 U.S.C. § 844(a), Perry's most serious violation is a Grade B violation. This conduct is established by his in court admission to the unlawful possession and use of marijuana and suboxone.

## RECOMMENDED SENTENCE

Due to the nature of his violations and his history of prior offense conduct, the United States argues that Perry's supervision should be revoked. The Defendant asks for leniency, stating that a sentence within the guidelines would be appropriate, and he asks for no supervision to follow.

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...

>    (5) any pertinent policy statement...
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

James Perry is a 46-year-old male from Tomahawk, Kentucky. He reports enjoying a childhood absent of any abuse and maintains a good relationship with his family members. He has two children by a previous marriage. He failed to complete high school, withdrawing from Sheldon Cark High School in the 9th grade. He has been receiving disability benefits since 2005, after an automobile accident where he suffered five fractured vertebrae. He is confined to a wheelchair. He has a history of substance abuse, including the abuse of alcohol beginning at age 11, marijuana at age 14, and cocaine at age 18, before turning to methamphetamine and LSD. He has a criminal history category of IV, based upon the following past convictions:  Operating a motor vehicle under the influence of drugs or alcohol in 2004; possession of marijuana in 2004; complicity to manufacture methamphetamine in 2010; and escape, 2nd degree for removing his court-ordered home incarceration ankle monitoring system in 2010. In addition, although no criminal history points were assessed, he has multiple past convictions for alcohol and drug related offenses.

Finally, the underlying conviction in this matter was in 2010, for Aiding and Abetting the Manufacture of Methamphetamine, in violation of 18 U.S.C. §§ 2 and 841(a)(1). In addition, his first period of supervision was revoked due to his possession and use of methamphetamine, and while in treatment at WestCare he tested positive for Suboxone.

The current pending charges must be considered in sequence. First, Perry was charged with violating supervision by failing to successfully complete drug treatment. After stipulating to this violation and while awaiting the imposition of sentence, he unlawfully used and possessed marijuana and suboxone.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant's extensive drug history and drug related convictions emphasize the seriousness of the present violations, his failure to devote the time and effort necessary to complete an inpatient drug treatment program as directed by the Court, or to respect and comply with the requirements of supervision. While at the drug treatment facility, although he was present at the facility for sufficient time to meet all requirements, he simply lacked the motivation to participate. This lack of motivation to tackle his drug use and addiction is demonstrated throughout his supervision, as further demonstrated by his subsequent use and possession of marijuana.

The most serious violation committed by Perry in this case is a Grade B Violation. Considering the severity of this violation in combination with his criminal history category of IV, the United States Sentencing Guidelines recommend a sentence of imprisonment of 12-18 months. The maximum period of incarceration allowed under 18 U.S.C. § 3583(h)(3) is 60 months with no maximum period of supervision upon release.

In fashioning a recommendation in the case, the Court considers the information above, Perry's longstanding drug use and behavior, his violation of a drug testing condition while in treatment and the nature and circumstance of his current violation. Finally, the undersigned considers his criminal history category of IV. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. For his first violation Perry received a sentence of six months with twelve months of supervision to follow. Upon release he has failed to show sincere effort or commitment to improving and an incremental sentence would be indicated in response to his present violation. Therefore, a period of incarceration of 18 months with 6 months of supervision is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS ORDERED that the undersigned's Recommended Disposition of January 29, 2020 [R. 269] is VACATED, and that the violation reports of December 6, 2019 and February 20, 2020 be filed into the record under seal.

Further, the undersigned RECOMMENDS:

(1) That the Defendant be found guilty all charged violations;

(2) That his supervision be REVOKED;

(3) That James M. Perry be sentenced to a term of 18 months incarceration with 6 months of supervision. In imposing a sentence of incarceration, the undersigned recommends that Perry serve his time at FMC Lexington;

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing Perry's knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If Perry desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 6, 2020.

Signed By:

*Edward B. Atkins*  *EBA*

United States Magistrate Judge

Case: 7:10-cr-00002-KKC-EBA    Doc #: 292    Filed: 04/06/20    Page: 9 of 9 - Page ID#: 1904